# Hacker *versus* Cozzens.

A property which was subject to two successive ground-rents was sold under a subsequent mortgage. *Held,* that the arrears on the first ground-rent due at the time of the sheriff's sale were not discharged thereby, the intervening estate of the second ground-rent preventing such a result.

January 14th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of January Term 1879, No. 181.

Covenant by William Hacker against Henry D. Cozzens, the original covenantor, in a ground-rent deed, to recover arrears of ground-rent.

By indenture dated the 31st of December 1841, William Martin and others, trustees, conveyed to Henry D. Cozzens, a lot of ground on Seventh street, south of Fitzwater street, Philadelphia, reserving thereout, by the same indenture, a yearly ground-rent of $42.50, payable semi-annually.

This ground-rent by several mesne conveyances, subsequently became vested in the plaintiff, William Hacker. The land afterwards became vested in Thomas Stewart, who, by deed dated the 27th of June 1874, conveyed it to Stephen W. Smith, reserving thereby, a yearly ground-rent of $47.50. On the 28th of August 1874, Smith executed a mortgage upon the premises (subject to both ground-rents), to Samuel N. Gould, to secure the payment of $1100. Gould's assignee brought suit on the mortgage, and on the first Monday of April 1878, the sheriff sold the property, under

[Hacker *v.* Cozzens.]

these proceedings, to Jacob Moore for $800, and conveyed the premises to him. The fund arising from the sale, after paying costs and taxes, was paid by the sheriff on account of the mortgage.

The plaintiff subsequently brought this action of covenant, to recover arrears of the first ground-rent which were due at the time of the sale, and also for the six months arrears which fell due July 1st 1878.

Moore, the purchaser at sheriff's sale under the mortgage, and terre-tenant, filed an affidavit of defence, in which he set forth the facts as above stated, and averred, that the arrears of ground-rent accruing before the sheriff's sale, were payable out of the proceeds of sale, and consequently were discharged by it. The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which the court discharged, Allison, P. J., delivering the following opinion :

" The premises concerning which this controversy arose, were encumbered by two ground-rents of different dates and a subsequent mortgage. The sale of the land under the mortgage realized $800. This suit is brought to recover arrears upon the first ground-rent, due and payable at the time of the sale. The owner of the ground-rent contends, that they were not thereby discharged; and that the effect of the Act of April 6th 1830, Purd. Dig. 478, sect. 104, is to preserve prior liens where any fixed estate in the land, or lien intervened between the prior lien and that under which the sale took place. In Devine's Appeal, 6 Casey 348, it was ruled, that a purchaser at a sheriff's sale of a property, subject to a mortgage and a prior ground-rent, takes subject to the arrears of the ground-rent due at the time of the sale. In Wertz's Appeal, 15 P. F. Smith 306, where the owner of land charged with a widow's thirds had mortgaged it, and a judgment was afterwards recovered against him under which the land was sold; it was also held, that the purchaser took it subject to the arrears of interest due to the widow. On the other hand, in Dickinson *v.* Beyer, 6 Norris 274, where instalments were due and payable to the widow, at the time of a sheriff's sale made on a subsequent judgment, there being no mortgage intervening between it and the charge of the widow's thirds, it was held that the arrears were discharged, and became payable out of the proceeds of the sale. Mr. Justice Woodward, in a very carefully considered opinion, reviews the question in the light of all the cases which have been decided by the Supreme Court, and with clear discrimination, distinguishes the authorities which might seem somewhat to conflict with one another; he explains their true bearing and application to the question, of the effect of judicial sales upon prior estates in the land, and upon liens which are fixed liens, and are definite and certain in their amount; and also in what instances the arrears due thereon at the time of the sale, are

[Hacker v. Cozzens.]

either protected or discharged. Mather v. McMichael, 1 Harris 301, is cited with approval, and Judge BELL is quoted as saying the cases in 2 Binn. 146; 8 W. & S. 381; 9 Id. 189, and 2 Barr 96, settle the doctrine that arrears of ground-rent, being a lien on the land charged, are to be paid out of the proceeds when sold by judicial process. They are likened to widow's annuity or dower charge on land, the arrears of which, if due at the time of the sale are discharged, 'and as a necessary consequence, the owner is turned on the proceeds in exoneration of the land.' The statement of Chief Justice SHARSWOOD, of the same principle in Wertz's Appeal, *supra,* is also quoted in Dickinson v. Beyer, in which the learned judge says, that though the charge be a fixed lien, incapable of divestiture, the rule is different as to any arrears, either of rent, annuity or interest, which may be due at the time of the sheriff's sale, because such arrears are ascertainable with certainty in amount, and therefore payable out of the fund.

" After citing the cases, the distinction was stated to consist in the fact, that in none of them was there a mortgage immediately following the fixed lien. Much of the obscurity which seems to attach to some of the cases, arises from the fact, that the distinction is not always clearly taken between a fixed lien in the nature of a ground-rent, or a widow's dower right or charge upon land, and a mortgage, which is protected under the Act of 1830. When a fixed lien is spoken of, it usually refers to such a mortgage; and when thus applied, there is little or no conflict of decision. This is the distinction clearly taken in Wertz's Appeal, *supra,* which holds, that when a mortgage is prior to all other liens except a fixed charge on the land, not itself divested by a sale, the lien of the mortgage is not divested by a sale under a subsequent lien, and arrears on such prior charge are not to be paid from proceeds of sale. Such mortgage, being protected by the Act of 1830, the sale is subject to all prior encumbrances. Lauman's Appeal, 8 Barr 473, may also be referred to as supporting the doctrine, that where there is no mortgage upon the land, which is covered by the Act of 1830, but which was subject to the charge, first, of the widow of A. and afterwards to that of the widow of B., the land having been sold under a judgment against a subsequent owner, though the charge is not disturbed by the sale, the arrearages of interest thereon are payable out of proceeds of sale.

" For the reasons stated, we are of the opinion that the arrears due on the ground-rent now sought to be recovered, were discharged by the sale under the mortgage; and we, therefore, discharge the pending rule for judgment."

Plaintiff took this writ and alleged, that the court erred in refusing to enter judgment for plaintiff.

*H. G. Clay,* for plaintiff in error.—It never seems to have been

even doubted that an estate, anterior in date to the lien under which the land was sold, and to other liens, was preserved. "A judicial sale extinguishes liens, not estates:" Catlin *v.* Robinson, 2 Watts 473. And, to the same effect, Irwin *v.* Bank of United States, 1 Barr 349; Schall's Appeal, 4 Wright 170; Cadwalader on Ground-Rents, sect. 251.

The case of D ckinson *v.* Beyer, 6 Norris 274, cited by the learned judge below, as well as the analogous cases of Reed *v.* Reed, 1 W. & S. 235; Mohler's Appeal, 5 Barr 418; Klein *v.* Bowman, 7 Harris 24; Schertzer's Executors *v.* Herr, 7 Id. 34, do not rule the present case. They all hold, that the arrears of interest due to a widow from a charge imposed on the land in her favor, are discharged by a judicial sale: but in every one of these cases, the judicial sale was upon a lien immediately succeeding the charge on the land, or estate in the land, for the benefit of the widow. The principle decided by them is that of Bantleon *v.* Smith, 2 Binn. 145.

If the second ground-rent had never been reserved, then, undoubtedly, the arrears of the first rent would have been discharged by the sale; but the moment the estate of the second ground-rent holder was carved out of the land, and became the next charge in order, the plaintiff could rest assured that no sale on any lien subsequent to it, could injure or affect his arrears. He was then made as fully as secure, as if the second rent were a mortgage, and protected by statute: Sower's Appropriation, 9 W. & S. 104; Mix *v.* Ackla, 7 Watts 315; Swan's Appeal, 1 Barr 92; Devine's Appeal, 6 Casey 357; Wertz's Appeal, 15 P. F. Smith 306; Cadwalader on Ground-Rents, sects. 251, 276. Lauman's Appeal, 8 Barr 473, did not raise the question at bar. Devine's Appeal and Wertz's Appeal, *supra*, are more recent authorities.

*Charles C. Lister*, for defendant in error.—This case is ruled by Lauman's Appeal, *supra*, and Dickinson *v.* Beyer, *supra*. We rely also upon the opinion of the court below, and the cases therein cited.

Mr. Justice PAXSON delivered the opinion of the court, March 1st 1880.

This was an action of covenant to recover arrears of ground-rent. An affidavit of defence was filed by the terre-tenant, who was the purchaser at sheriff's sale of the premises out of which the ground-rent had been reserved, setting forth that said arrears had been discharged by the sheriff's sale. The court below held the affidavit sufficient, and refused to enter judgment.

At the time of the sheriff's sale, the encumbrances upon the property stood in the following order: 1. Ground rent of $42.50, upon which this suit was brought; 2. Ground-rent of $47.50; and

[Hacker v. Cozzens.]

3. Mortgage of $1100. The property was sold upon the mortgage, and the proceeds, after paying costs and taxes, were paid by the sheriff on account of the mortgage. The simple question for our determination is whether the sale discharged the arrears of the first ground-rent.

The question of the effect of a judicial sale upon liens and encumbrances was so thoroughly discussed in the recent case of Dickinson v. Beyer, 6 Norris 274, that we may well be excused its repetition. It was held in that case that where land charged with a widow's dower was sold upon a judgment which was immediately subsequent thereto in point of lien, the arrears of such dower were discharged by the sale. The charge itself remains, but the arrears being ascertainable with certainty in amount, are payable out of the fund, and therefore discharged. It is very clear that if the mortgage upon which the property in dispute was sold, had been the next lien in point of time to the first ground-rent, the arrears of such ground-rent would have been discharged. But there was a second ground-rent intervening between it and the mortgage. This was not only a fixed lien, which could not be disturbed except as to the arrears thereof, but it was also an estate, and of greater dignity than a mere lien or a mortgage. As a necessary result, the arrears of the prior ground-rent were not payable out of the proceeds. A judicial sale extinguishes liens, not estates: Catlin v. Robinson, 2 Watts 373 ; Irwin v. The Bank of the United States, 1 Barr 349 ; Schall's Appeal, 4 Wright 170 ; Cadwallader on Ground-Rents, sect. 251. It is apparent that if the second ground-rent had been a mortgage, the arrears of the first ground-rent would not have been divested. This is settled by Devine's Appeal, 6 Casey 348. The Act of 1830, by which mortgages are protected, was only declaratory of the law as it had long existed in regard to fixed liens, and its effect was to extend to mortgages the protection which such liens had before enjoyed. The cases of Dickinson v. Beyer, *supra;* Reed v. Reed, 1 W. & S. 235 ; Mohler's Appeal, 5 Barr 418 ; Kline v. Bowman, 7 Harris 24 ; and Sherzer's Executors v. Herr, Id. 34, decide that the arrears of a widow's dower are payable out of the proceeds of a judicial sale, but in each of them the sale was upon a lien next in point of time to the dower. On the other hand, Wertz's Appeal, 15 P. F. Smith 306, rules that when a mortgage is prior to all other liens, except a fixed charge on the land not itself divested by the sale, the lien of the mortgage is not divested by a sale under a subsequent lien, although there may be arrears due on the prior charge, whether accrued before or after the date of the mortgage ; and that such arrears, being part of the fixed charge, are not to be paid from the proceeds of sale.

We do not regard Lauman's Appeal, 8 Barr 473, as in conflict with the foregoing views. In that case there were two widows,

[Hacker *v.* Cozzens.]

each having a dower in the land sold at sheriff's sale, and each was allowed her arrears of dower out of the proceeds, under the authority of Reed *v.* Reed and Mohler's Appeal, *supra*. It appears to have been conceded that both widows were entitled to the arrears out of the proceeds of the sale, and the point now made was not discussed, and for anything that appears was not considered. I see no trace of any objection to the payment of the arrears due the first widow.

It was said by Chief Justice GIBSON, in Tower's Appropriation, 9 W. & S. 103, that " if a junior creditor is compelled to leave a particular encumbrance standing on the land, he is necessarily compelled to leave standing any other encumbrance which precedes it; and on a judgment subsequent to a fixed lien the sheriff consequently sells the estate subject to encumbrances which the proceeds might not satisfy, nor the sale dissolve. In other words, a judgment-creditor shall not turn the land into money, where he cannot do it as beneficially for a paramount encumbrance as that paramount encumbrance could do it for himself, and he, consequently can sell no more than the contingent or resulting interest." If we apply this principle to the case in hand, it will be seen that if the arrears of the first ground-rent are discharged by the sale, the paramount encumbrance is left without protection. For if the arrears may be paid out of the proceeds, they *must* be so paid, as they are discharged. Hence, if the second ground-rent carved out of the land should happen to exceed *its* value, so that a sale under a junior encumbrance would produce no fund wherewith to pay the arrears of the first, yet they would nevertheless be discharged by the sale. It is also difficult to see how the second ground-rent can stand as a charge if the arrears of the first are payable out of the proceeds of the sheriff's sale.

We are of opinion that the plaintiff below was entitled to judgment.

> The order of the court below discharging the rule for judgment for want of a sufficient affidavit of defence is reversed; and it is now ordered that the record be remitted to the said court, with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.